## RICHARDSON v WILLIM

Ohio Appeals, 4th Dist, Scioto Co

Decided Dec 12, 1930

Bannon & Bannon, Portsmouth, for Richardson.

B. F. Kimble and Edgar G. Miller, both of Portsmouth, for Willim,

**BLOSSER, J.**

Considerable testimony was offered in this case showing the relation and situation of the parties, the extent and kind of property owned by the deceased and also the surrounding circumstances. This evidence was properly admitted. The general rule is laid down in Ruling Case Law as follows:

"It has been long settled that in construing wills the intention of the tsetator is to be collected from the words of the will itself, as applied to the subject-matter and read in the light of the surrounding circumstances. The purpose of construction as applied to wills is unquestionably to arrive at the intention of the testator, that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will."
28 R. C. L., p. 215.

"Evidence as to the intention of the testator separate and apart from that conveyed by the language used in the will is not admissible for the purpose of interpreting the will."
28 R. C. L., p. 268.
The rule is laid down in Ohio as follows:

"In construing a will *** it should be read with a view to the situation and circumstances of the testator in reference to the subjects of his dispositions, and the objects of his bounty. *** With these collateral aids the will must speak for itself, and the intention of the testator to be gathered from what appears on its face. To allow *** parol evidence would in effect repeal the law requiring it to be in writing, and introduce all the uncertainty, fraud and perjury the statute was designed to prevent."

**Norman v Teagarden, 2 Oh St 380.**

B. F. Kimble, the executor of the estate of Rosalie McCormick and a defendant in this case, and who is an attorney at law and was the scriviner and one of the subscribing witnesses to the will of the deceased, testified to certain conversations with the deceased and declarations made made by him with reference to his will and the disposition of his property. This

testimony was objected to at the trial. As this is an action for the purpose of construing the will and is not an action attacking its validity such evidence was not admissible. If this were an action to set aside the will Mr. Kimble would be competent to testify as to the mental capacity of the deceased. He can not testify as to conversations with the deceased in this action to construe the will. **Collins v. Collins, 110 Oh St 105, Clark, Exr. v. Trustees of Hardwick Seminary, 3 C. C. 152, Sweetland v. Miles, 101 Oh St 501, Knepper v. Knepper, 103 Oh St 529, Haddox v. Jordan, 36 Oh App 209.** Conceding that this evidence was improper, what interpretation is to be given the language used in item five of the will?

It is often said that courts construe wills according to the intent of the testator. This intent is to be found in the language used in the will. The language used in item five is plain and unambiguous. The testator makes a gift of ten thousand dollars in cash to his wife without condition. In the second sentence there is a request that if any part of the sum remains unexpended after her death she should divide it equally between his two children. It is well established in this state in the construction of wills that when an estate in fee simple is once given it can not be cut down by a subsequent clause less conclusive except by language equally clear and unequivocal. The gift of ten thousand dollars to the wife is clear and unequivocal. The language used in the second sentence of the item is a mere request and left any balance remaining unexpended by her to be disposed of as she may decide by will or otherwise. She had a right to use any or all of the ten thousand dollars during her life time. If any of it remained at her death the testator made some action on her part necessary in order to give the same to the designated children.

The principle governing the construction of similar language has been before the courts of Ohio. In the case of **Trumbull v. Stentz, et al, 30 Oh App 34,** the language used in the will there under construction was practically the same as was used in the will of James T. McCormick. The third paragraph of the syllabus is:

"Under will devising to wife all property belonging to testator and reciting testator's request that property left at decease of wife should be equally divided between others, wife took estate absolute and in fee simple, and

provision for subsequent division of property was ineffectual."

The same principle is recognized and decided by our Supreme Court in the case of **Home v. Lippardt, 70 Oh St 261. Tracy, et al v. Blee, et al, 22 C .C. (n. s.) 33, Steuer v. Steuer, 8 C. C. (n. s.) 71.** This is the rule not only in Ohio but the same is well recognized by other authorities. **28 R. C. L., Section 206 under Wills,** says:

"But an express bequest or devise can not be cut down by a subsequent clause of doubtful meaning, and an estate granted in plain and unequivocal language in one clause of a will therefore can not be lessened or cut down by a subsequent clause, unless the language therein is as clear, plain and unequivocal as that in the first grant."

From the above authorities the item under consideration must be construed to make the gift of ten thousand dollars to the widow absolute and free from any right or interest of Charles McCormick and Georgia F. Richardson.

A decree may be entered accordingly.

Middleton, PJ, and Mauck, J, concur.